# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DOUGLAS E. BARDEN, Individually,**
**and as a representative of a Class**
**of similarly situated consumers,**

        **Plaintiffs,**

    v.                                           **Case No. 06-C-46**

**HURD MILLWORK COMPANY, INC.,**
**HURD WINDOWS & DOORS, INC.,**
**f/k/a Monarch Acquisition Company,**
**HURD WINDOWS & DOORS, INC.,**
**MONARCH HOLDINGS, INC.,**
**and UIS, INC.,**

        **Defendants.**

---

## **DECISION AND ORDER**

    In April 2004, plaintiff Douglas E. Barden brought this putative class action in Milwaukee County Circuit Court against defendant Hurd Millwork Company, Inc. ("Hurd"), a manufacturer and distributor of gas-filled insulated glass products. Plaintiff alleged that Hurd breached express warranties regarding its products and made misrepresentations concerning them. On December 1, 2005, plaintiff filed an amended complaint naming new defendants, including several successor corporations of Hurd. In addition, the amended complaint named as a defendant Hurd's parent, UIS, Inc. ("UIS"), a New York corporation alleging that it violated Wisconsin law by fraudulently transferring Hurd's assets and by dissolving Hurd without notifying its creditors. Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1453, UIS removed the case. Pursuant to Fed. R. Civ. P. 12(b)(6), Hurd's successor corporations now move to dismiss the claims against them.

## I. JURISDICTION

Before addressing the Rule 12(b)(6) motion, I address jurisdiction. Although plaintiff does not object to removal, federal courts are obliged to police their own subject-matter jurisdiction, Shockley v. Jones, 823 F.2d 1068, 1072 (7th Cir. 1987), and must remand removed cases over which they lack jurisdiction. See 28 U.S.C. § 1447(c). The removing party, here UIS, must establish jurisdiction. Brill v. Countrwide Home Loans, Inc., 427 F.3d 446, 447 (7th Cir. 2005) (stating that whichever party chooses to bring the case to federal court must establish federal jurisdiction). A party may remove a case over which the district court would have had original jurisdiction. 28 U.S.C. § 1441; see also Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993). With a few limited exceptions, § 4 of CAFA, codified in 28 U.S.C. § 1332(d), confers federal jurisdiction over any class action if (1) the claims of all plaintiffs, aggregated together, exceed $5 million; and (2) at least one plaintiff is diverse from at least one defendant. The present case satisfies these requirements.

However, CAFA applies only to suits "commenced on or after the date of enactment of this Act." See Pub. L. 109-2 § 9. That date is February 18, 2005. Knudsen v. Liberty Mut. Ins. Co., 411 F.3d 805, 806 (7th Cir. 2005) ("Knudsen I"). An action is "commenced" for purposes of CAFA on the date that the plaintiff originated it in state court. Id. Plaintiff originated the present action in state court in April 2004. Thus, CAFA does not govern the present case unless plaintiff recommenced the action after February 18, 2005. The primary way by which an action may be recommenced is by the filing of an amended complaint. See Gregory P. Joseph, Federal Class Action Jurisdiction After CAFA, Exxon Mobil & Grable, 8 Del. L. Rev. 157, 161 (2006).

Although not all amendments trigger CAFA's applicability, the Seventh Circuit has indicated that an amendment adding a new defendant does so. Schorsch v. Hewlett-Packard Co., 417 F.3d 748, 749 (7th Cir. 2005) (stating that "a defendant added after February 18 could remove because suit against it would have been commenced after the effective date"). The Seventh Circuit has also held that "a novel claim tacked on to an existing case commences new litigation for purposes of" CAFA. Knudsen v. Liberty Mut. Ins. Co., 435 F.3d 755, 758 (7th Cir. 2006) ("Knudsen II"). In the present case, plaintiff's amended complaint `added a new defendant, UIS, and a novel claim, namely that UIS fraudulently transferred Hurd's assets and failed to notify Hurd's creditors of its dissolution. Thus, for purposes of CAFA, plaintiff's amended complaint recommenced the action. Moreover, under CAFA, UIS did not need to obtain the consent of the other defendants in order to remove. 28 U.S.C. § 1453(b). Finally, UIS has provided evidence that CAFA's other jurisdictional perequisites are satisfied. Therefore, I have subject matter jurisdiction of the case.

## II. MOTION TO DISMISS

### A.   Plaintiff's Allegations

Plaintiff alleges that Hurd warranted that its inert gas-filled insulated glass products would be free from defects in workmanship and materials for the life of the products, that all window and door components would be free from such defects for ten years from the date of purchase and that its products would provide a certain level of insulation. Plaintiff further alleges that Hurd breached these warranties. In addition, plaintiff alleges that Hurd committed fraud by making false and incomplete representations in advertising brochures and other communications concerning the insulation value of its products for the purpose of inducing

-3-

consumers to purchase them, and that plaintiff and members of the putative class purchased Hurd's products in reliance on such representations and suffered harm as a result.

**B.    Rule 12(b)(6) Standard**

A motion to dismiss under Rule 12(b)(6) raises the question of whether a complaint states a claim upon which relief may be granted. Gen. Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir. 1997).  A complaint or portion thereof may be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The essence of a Rule 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts, it is that even accepting all of the alleged facts, the plaintiff has no legal claim. Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 627 (7th Cir.1999). In reviewing a complaint under this standard, the court must accept as true the plaintiff's allegations, Hosp. Bldg. Co. v. Tr. of Rex Hosp., 425 U.S. 738, 740 (1976), and construe the complaint in the light most favorable to the plaintiff, resolving all doubts in his favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  If the parties refer to matters outside the pleadings in support of or opposition to a motion to dismiss under Rule 12(b)(6), the motion must be converted into one for summary judgment. Fed. R. Civ. P. 12(b). However, without converting a motion to dismiss to one for summary judgment, a court may consider documents attached to the complaint as well as documents that are not attached to the complaint but attached to the motion to dismiss if such documents are referred to in the complaint and are central to the plaintiff's claim. See Fed. R. Civ. P. 10(b); 188 LLC v. Trinity Indus., Inc., 300 F.3d 730, 735 (7th Cir. 2002).

-4-

**C.     Breach of Warranty Claim**

Plaintiff first argues that I should not address defendants' motion to dismiss its breach of warranty claim because the state court judge denied a similar motion, and its ruling is the law of the case. The doctrine of law of the case establishes a presumption that a ruling made at one stage of a lawsuit will be adhered to throughout the suit. Avitia v. Metro. Club of Chi., Inc., 49 F.3d 1219, 1227 (7th Cir. 1995). However, the doctrine establishes only a presumption, not a straightjacket. Id. In the present case, I conclude that the presumption has only slight weight and that I should address defendants' motion. First, insofar as the state court addressed plaintiff's breach of warranty claim, it did so in a very cursory fashion, stating little more than "we are a notice pleading state" and that "the Complaint provided sufficient notice to the defendant of what the claims are." (Pl.'s Br. Ex. A at 23.) Secondly, plaintiff filed an amended complaint which includes allegations pertaining to the breach of warranty claim not contained in the original complaint. Finally, in a removed case, I treat a state court's ruling as if it had been made in federal court, see Freeman v. Bee Machine Co., 319 U.S. 448, 452 (1943), and in such circumstances, the law of the case doctrine is quite flexible, Avitia, 49 F.3d at 1227; see also Fed. R. Civ. P. 54(b), authorizing a federal court to revise a non-final decision at any time.

Turning to defendants' argument, their contention is that plaintiff's breach of warranty allegations are insufficient because under Wisconsin law, notice is a condition precedent to recovery on a breach of warranty claim, and plaintiff does not allege that it provided Hurd with notice. However, defendants' argument fails because regardless of what plaintiff must prove in order to recover on a breach of warranty claim under Wisconsin law, to survive a motion to dismiss under federal pleading standards he must only provide defendant with fair notice

-5-

of his claim. Doe v. Smith, 429 F.3d 706, 708 (7th Cir. 2005). As the Seventh Circuit put it recently: "Federal complaints plead claims rather than facts . . . . It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate. A full narrative is unnecessary." Kolupa v. Roselle Park Dist., 438 F.3d 713, 714 (7th Cir. 2006). In the present case, plaintiff has more than satisfied this requirement. Whether he provided defendants with sufficient notice to recover under Wisconsin law is not a pleading issue but an evidentiary one, which is appropriately addressed at a later stage of the proceedings.

**D. Rescission**

Defendants also argue that I should find that plaintiff and members of the putative class have waived their right to rescind the contracts that they entered into with Hurd. In the amended complaint, plaintiff identifies rescission as an alternative remedy to a damage award. However, the question of whether plaintiff is entitled to a particular remedy requires the development of a factual record and is not appropriately resolved pursuant to a Rule 12(b)(6) motion.

**E. Fraud Claim**

Hurd's successors also argue that I must dismiss plaintiff's fraud claim because the economic loss doctrine bars it. The parties agree that Wisconsin law governs this question. The economic loss doctrine bars a party to a contract from recovering in tort for economic losses arising out of a breach of the contract. Tietsworth v. Harley-Davidson, Inc., 270 Wis. 2d 146, 162 (2004). More specifically, the doctrine precludes a purchaser of goods from bringing a fraud claim alleging that the quality of the goods purchased was lower than

-6-

expected. Id. Thus, misrepresentations that concern the quality of the product sold must be remedied through claims for breach of warranty. Id. at 165.

In Tietsworth, the plaintiff purchased a motorcycle from the defendant and claimed among other things that the defendant misrepresented its quality because it knew that the motorcycle and others with Twin Cam 88 engines were defective. Id. at 162. The Wisconsin Supreme Court held that the economic loss doctrine barred the plaintiff from pursuing the misrepresentation claim both because the doctrine applied to consumer transactions, id. at 163, and because the claim pertained "to the character and quality of the goods that are the subject matter of the contract." Id. at 167. In the present case, plaintiff claims that Hurd misrepresented the character and quality of the windows that it sold to him, specifically that it made false claims about their insulation value. Thus, like the claim in Tietsworth, plaintiff's allegation relates to the character and quality of the product that is the subject matter of the contract.

In Kaloti Enters., Inc. v. Kellogg Sales Co., 283 Wis. 2d 555, 585 (2005), the Wisconsin Supreme Court stated that the economic loss doctrine did not bar fraud in the inducement claims if the plaintiff satisfied several requirements including showing that the fraud was extraneous to, rather than interwoven with the contract, i.e., that it did not relate to the quality of the goods that were the subject of the contract. In the present case, the alleged fraud is interwoven with the contract because it relates to the quality of the goods for which plaintiff contracted. Thus, the economic loss doctrine bars plaintiff's fraud claim.

### III. CONCLUSION

Therefore, for the reasons stated,

-7-

**IT IS ORDERED** that defendants' motion to dismiss is **DENIED IN PART AND GRANTED IN PART** as stated above.

Dated at Milwaukee, Wisconsin this 5 day of September, 2006.

/s_____
LYNN ADELMAN
District Judge