# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DOUGLAS E. BARDEN,**
        **Plaintiff,**

v.                                                         06-C-0046

**HURD MILLWORK COMPANY, INC., et al.,**
        **Defendants.**

---

## DECISION AND ORDER

Plaintiff Douglas E. Barden brings this putative class action alleging breach of express warranty against defendants Hurd Millwork Company, Inc., Hurd Windows & Doors, Inc., Monarch Holdings, Inc., and UIS, Inc. (collectively "Hurd"). Plaintiff alleges that Hurd's inert gas-filled glass products failed to retain the inert gas. Before me now is plaintiff's motion to certify a class of purchasers of Hurd products who reside in the thirty-eight states east of the Continental Divide.

In order to obtain class certification, plaintiff must satisfy the four requirements of Federal Rule of Civil Procedure 23(a) and one of the requirements of Rule 23(b). Rosario v. Livaditis, 963 F.2d 1013, 1017 (7th Cir. 1992). Plaintiff must also establish the existence of an identifiable class. Simer v. Rios, 661 F.2d 655, 669 (7th Cir. 1981). I interpret Rule 23 liberally in favor of maintaining class actions, King v. Kansas City S. Indus., Inc., 519 F.2d 20, 25-26 (7th Cir.1975), but I must ensure that the requirements of the rule are met. Gen. Tel. Co. v. Falcon, 457 U.S. 147, 161 (1982). In determining whether to certify a suit as a class action, I may inquire into the merits of the case to the extent necessary to

1

address class certification. Szabo v. Bridgeport Machs., Inc., 249 F.3d 672, 675 (7th Cir. 2001).

## I. RULE 23(a) REQUIREMENTS

### A. Numerosity

Rule 23(a)(1) requires that potential class members be "so numerous that joinder of all members is impracticable." To satisfy this requirement, a plaintiff need only show that joinder would be difficult or inconvenient. Robidoux v. Celani, 987 F.2d 931, 935 (2nd Cir. 1993). A plaintiff will generally meet the requirement by showing that the class consists of forty or more. Clarke v. Ford Motor Co., 220 F.R.D. 568, 578 (E.D. Wis. 2004). In the present case, the class consists of far more than forty, thus, plaintiff makes the required showing.

### B. Commonality

Rule 23(a)(2) requires me to find that "there are questions of law or fact common to the class." The commonality requirement is ordinarily satisfied where there is a "common nucleus of operative fact." Rosario, 963 F.2d at 1018. The commonality requirement is easily met, for example, when class members bought or sold the same stock in reliance on the same disclosures made by the same parties even when damages vary. Great Neck Capital Appreciation Inv. P'ship, L.P. v. Pricewaterhouse Coopers, 212 F.R.D. 400, 407 (E.D. Wis. 2002) (citing Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 22.14 (3d ed. 1992)); see, e.g., Rossini v. Ogilvy & Mather, Inc., 798 F.2d 590, 598 (2d Cir. 1986); Resnick v. Am. Dental Ass'n, 90 F.R.D. 530, 538 (N.D. Ill. 1981). In the present case, class members purchased similar products and received the same

standard warranty, thus, there are common questions of law and fact.

C. **Typicality**

Rule 23(a)(3) requires a showing that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Generally, a class representative's claims are considered "typical" when they arise from the same course of conduct or are based on the same theory as the claims of class members. De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983). In the present case, plaintiff satisfies this requirement as his claim turns on the same alleged defect and the same warranty as the claims of class members.

**D. Adequacy of Representation**

Finally, Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." To meet this standard, plaintiff must show an absence of potential conflict between himself and class members and that he will vigorously prosecute the case. See Fry v. UAL Corp., 136 F.R.D. 626, 634 (N.D. Ill. 1991). Hurd argues that plaintiff is not an adequate class representative because it did not breach its warranty to him inasmuch as his windows provide better-than-warranted insulation. However, plaintiff's and members' claims do not turn on the insulation performance of total units but on the presence or absence of an inert-gas fill within the windows and its effect on the insulation of the glass. Hurd does not dispute that plaintiff's windows did not retain the inert-gas fill. Therefore, plaintiff's interest is the same as that of members, and he is an adequate representative.

3

## II. RULE 23(b)

To obtain class certification, plaintiff must also satisfy the requirements of one of the subsections of Rule 23(b). In the present case, plaintiff seeks certification under Rule 23(b)(3), which requires that "questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating of the controversy."

**A.      Predominance**

The predominance inquiry tests "whether proposed classes are sufficiently cohesive to warrant adjudication" by representation. Ortiz v. Fibreboard Corp., 527 U.S. 815, 858-59 (1999). "[T]he issues in the class action that are subject to generalized proof and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof." Kerr v. City of West Palm Beach, 875 F.2d 1546, 1557-58 (11th Cir. 1989). Thus, the primary consideration in assessing predominance is the proof necessary to establish the class members' claims under the applicable substantive law Szabo, 249 F.3d at 675. Plaintiff bears the burden of establishing predominance. Klay v. Humana, 382 F.3d 1241, 1262 (11th Cir. 2004). Before I can analyze what proof is necessary to establish class members' claims, I must determine what substantive law applies to them. In examining this question, I apply Wisconsin choice of law rules. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941).

Plaintiff argues that Wisconsin law governs the claims of all class members, regardless of where they reside. Wis. Stat. § 401.105 provides that Wisconsin law governs

"transactions bearing an appropriate relation to this state." An appropriate relation is the equivalent of a "significant relationship." See Wilcox v. Wilcox, 26 Wis. 2d 617, 630-31 (1965); Int'l Prod. Specialists v. Schwing Am., No. 05-C-621, 2007 WL 2903239 (E.D. Wis., Sept. 28, 2007). The "significant relationship" test is also known as the "grouping of contacts" test. State Farm Mut. Auto. Ins. Co. v. Gillette, 251 Wis. 2d 561, 670-71 (2002); see also Haines v. Mid-Century Ins. Co., 47 Wis. 2d 442 (1970). Under such test, I determine which state has the most significant contacts with the case by evaluating five factors: (1) the place of contracting; (2) the place of negotiating the contract; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, place of business and place of incorporation of the parties. Id. at 446-47. In weighing these factors, I do not merely count the contacts but rather qualitatively assess which contacts are most significant. Id.; Hystro Prods., Inc. v. MNP Corp., 18 F.3d 1384, 1387 (7th Cir. 1994).

In the present case, each class member's home state has more significant contacts with that member's case than Wisconsin does. Each class member more than likely purchased the Hurd product in his or her home state, thus, virtually everything of significance relating to the transaction likely happened there. The member entered into the contract in his or her home state, the contract was performed in such state and the product purchased was located there. Plaintiff also argues that Wisconsin law governs all members' claims because Wisconsin has a strong policy interest in regulating the conduct of manufacturers located in Wisconsin, such as Hurd. See Haines, 47 Wis. 2d at 447 ("It must be recognized that a contact can be considered to be significant only in terms of its relevance to a specific domestic law and the policy underlying that law."). However,

5

plaintiff's claim is not that Hurd failed to comply with a state regulation but that it breached a warranty to a consumer. The goal of warranty law is protection rather than regulation, and each state's warranty law is designed to protect consumers within the state. Chi. Heights Venture v. Dynamit Nobel of America, Inc., 782 F.2d 723, 727 (7th Cir. 1986). Therefore, the law of each member's home state governs that member's transaction with Hurd.

Thus, in determining whether common issues of law or fact predominate over questions affecting individual class members, I must consider the differences between the various states' laws. Hurd argues that common issues do not predominate because the members' claims will have different elements based on different state laws. Plaintiff provides a detailed description of each state's breach of warranty law and divides them into the following sub-classes based on their requirements: (1) reliance necessary, pre-litigation notice necessary; (2) reliance necessary, pre-litigation notice not necessary; (3) reliance not necessary, pre-litigation notice necessary; and (4) reliance not necessary, pre-litigation notice not necessary.

The laws in the first three of plaintiff's proposed sub-classes require a determination of whether each individual class member relied on the warranty and/or provided pre-litigation notice to the defendant. To make these determinations would appear to require a relatively intensive factual inquiry into each individual case. Variations in the laws within the sub-classes would further complicate the matter. Thus, as to the first three proposed sub-classes, it seems likely that a significant part of each member's claim would have to be resolved on an individual basis, thus defeating the purpose of a class action. Sub-class (4) however includes laws that do not require proof of reliance or pre-litigation notice.

6

Under such laws, it appears that the principal issues would relate to the warranty and the alleged defect, which issues seem capable of fairly simple resolution on a class basis. Thus, as to plaintiff's fourth proposed sub-class but not as to the first three, I conclude that common legal questions predominate over individual issues.

Hurd also argues that because it manufactures over seventy types of gas-filled products, it will be impractical to prove that each individual product fails to insulate as warranted. However, plaintiff's claim is that <u>all</u> of Hurd's inert gas-filled glass products fail to satisfy its warranty because the inert-gas dissipates and cannot be retained within any of the products. Thus, plaintiff contends that the action applies to <u>all</u> inert-gas filled Hurd products. Assuming this is so, common legal questions predominate over individual issues.

**B.     Superiority**

In evaluating the Rule 23(b)(3) requirement of superiority I must consider:

(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

<u>Szabo</u>, 249 F.3d at 676. Hurd focuses only on potential management difficulties, and I am unpersuaded by its arguments. Although there will no doubt be some variations between individual cases, I believe a class action is a superior method of resolving the claims asserted. The recovery in individual cases would be less than the litigation expenses, therefore, unless the claims are aggregated into a class action, they would not be pursued. The desirability of a class action is greater if individual litigation is impractical. See <u>In re</u>

7

Ford Motor Co. Ignition Switch Prods. Liab. Litig., 174 F.R.D. 332, 351 (D.N.J. 1997); Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 809 (1985).

Other considerations also weigh in favor of certifying a class at this stage, despite potential management issues. First, at this point in litigation, consideration of future management matters is by necessity limited because there has been limited discovery. Second, if management problems turn out to be more difficult than I anticipate, I may revisit issues relating to class certification. See In re NASDAQ Market-Makers Antitrust Litig., 169 F.R.D. 493, 528 (S.D.N.Y. 1996). Finally, I do not want to deny class members a forum based on conjecture. Thus, for the above reasons and in view of the policy favoring a liberal interpretation of Rule 23, I conclude that the class action is the superior method of addressing the claims at issue. See id.; see also 2 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 4:32 at 269 (4th ed. 2002).

### III.  CLASS DEFINITION

Hurd argues that because it maintains no records of its products and users, it is not possible to precisely define the class. At this stage of the proceeding and in light of the above discussion, I find this argument unpersuasive. Other entities may maintain such records. In any case, it is not uncommon in class actions to experience some difficulties in identifying each and every class member. However, I will redefine the class as follows to reflect my ruling as to its scope.

> [a]ll purchasers of Hurd inert gas-filled insulated glass products (not fitted with breather tubes) in the United States located in the states of Connecticut, Georgia, Indiana, Kansas, Kentucky, Louisiana, Maryland, Massachusetts, Missouri, Nebraska, New Jersey, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, Vermont, Virginia, West Virginia, Wisconsin, District of Columbia during the time period that Hurd marketed its inert gas-filled insulated glass products which were covered under its 1994

8

warranty effective January 1, 1994, excluding Hurd, its affiliates (including parents, subsidiaries, predecessors, successors and, any other entity or its affiliate which has a controlling interest), its and their current, former, and future employees, officers, directors, partners, members, indemnities, agents, attorneys, and employees, and its and their assigns and successors.

## III. CONCLUSION

Thus, I will grant plaintiff's motion to certify a class but redefine the class as indicated above. However, I will continue to monitor whether certification is proper, whether the definition of the class is appropriate, and what is required to protect the rights of the absentees. See In re Agent Orange Product Liability Litigation, 996 F.2d 1425, 1438 (5th Cir. 1993) (discussing courts' continuing duties to protect interests of absentees); Kuehner v. Heckler, 778 F.2d 152, 163 (3d Cir. 1985) (indicating that a court must monitor its own decisions relating to class action status); Bzdawka v. Milwaukee County, 238 F.R.D. 469, 476 (E.D. Wis. 2006).

Therefore,

**IT IS ORDERED** that plaintiff's motion for class certification is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that defendant's motion for leave to file a sur-reply is **GRANTED**.

Dated at Milwaukee, Wisconsin this 28 day of March, 2008.

/s
LYNN ADELMAN
District Judge

9