# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**DOUGLAS BARDEN, et al.,**
            **Plaintiffs,**

            **v.**                                          **Case No. 06C046**

**HURD MILLWORK COMPANY, INC., et al.,**
            **Defendants.**

---

## ORDER

Plaintiff Douglas E. Barden brought this product liability action against defendant Hurd Millwork Company, Inc., a manufacturer of glass products, and other related defendants (collectively "Hurd"). I previously certified the suit as a class action. Before me now are the parties' motions for summary judgment and to reconsider class certification.

The relevant facts are as follows: Hurd manufactured and distributed glass windows and doors filled with inert gas. The inert gas improved the insulation and energy efficiency of the windows and doors. (Pl.'s Proposed Findings of Fact (hereafter "PFOF") ¶¶ 4-7.) Hurd provided a warranty with its gas-filled products which stated as follows:

**LIFETIME LIMITED WARRANTY**
**Insulated Glass**

All Hurd insulated glass is warranted to be free from defects in workmanship and materials for the life of the product.

Years 1-10      100%
Years 11-Life    50% of the Current Published Catalog Price

In the event that the product fails to conform to the foregoing warranties in the first ten (10) years, Hurd will repair or replace defective materials with another product or part thereof. . . . If repair or replacement is not commercially practicable or cannot be timely made, or if Hurd proposes to

make a refund instead of repair or replacement and you are willing to accept the refund, Hurd will refund your original product purchase price or the original Hurd catalog list price, whichever is less.

(Am. Compl. Ex. 1.)

In 1998, plaintiff purchased six gas-filled windows from Hurd. In 2003, he had a laboratory analyze the windows, and the analysis concluded that the windows' upper panel was approximately seventy-three percent filled with gas, and the lower panel sixty-eight percent. Plaintiff's sole allegation in the present case is that Hurd breached the express warranty quoted above. (Pl.'s Resp. Br. in Opp'n to Hurd's Mot. for Summ. J. and in Supp. of Pl.'s Mot. for Summ. J. at 7-9.) Plaintiff does not allege that Hurd breached an implied warranty or any representation contained in its promotional materials. (Pl.'s Resp. Br. to Mot. for Recons. at 12; Pl.'s Br. in Supp. of its Mot. for Recons. at 28.)

I first consider Hurd's summary judgment motion.[1] I must grant the motion "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering the motion, I take the evidence and all reasonable inferences therefrom in the light most favorable to plaintiff, Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and I may grant the motion only if no reasonable jury could find for plaintiff.

---

[1]I may address a summary judgment motion before resolving issues relating to class certification. Cowen v. Bank United of Tex., FSB, 70 F.3d 937, 941-42 (7th Cir. 1995). I note in this connection that I did not approve nor direct notice to members of the previously certified class and nothing in the record indicates that they have received notice of this action.

2

I conclude that no reasonable jury could find that Hurd breached the warranty quoted above. Hurd warranted that the windows were free from defects in workmanship and materials. Plaintiff's theory of liability is that the gas in the windows dissipated over time and did so as the result of a defect in workmanship and materials in breach of the warranty. (Pl.'s Reply in Supp. of Mot. for Summ. J. at 5-7.) However, based on the evidence presented, no reasonable factfinder could conclude that Hurd breached the warranty. First, the warranty did not represent that any particular percentage of the windows would be filled with gas. Thus, the fact that the windows were approximately seventy percent full of gas does not indicate a breach. Second, plaintiff presents no evidence of the existence of any defect in workmanship or materials. For example, he presents no evidence that anything was wrong with the windows' seals or with the inert gas. Third, Hurd presents evidence that over time, inert gas in a glass window or door will gradually dissipate even if the workmanship on the window is free of defects and the window is functioning as intended. (Sorge Aff. ¶ 22-25.) Thus, even if dissipation were the result of a defect, the defect would be one of design rather than workmanship or materials and therefore not within the warranty. See e.g. Voelker v. Porsche Cars N. Am., 353 F.3d 516, 527 (7th Cir. 2003). Therefore, I will grant Hurd's motion for summary judgment.

Based on the foregoing decision, it is not readily apparent that I need to address the other pending motions. Therefore, I will dismiss them without prejudice.

Therefore,

**IT IS ORDERED** that Hurd's motion for summary judgment with respect to plaintiff's claim for breach of an express warranty is **GRANTED**.

3

Dated at Milwaukee, Wisconsin this 5 day of November, 2009.


/s_____
LYNN ADELMAN
District Judge

4