IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

DOUGLAS E. BARDEN,
Individually, and as a Representative of a
Class of Similarly Situated Consumers,

        Plaintiff,

v.                                                                                            Civ. No. 2:06-cv-00046-LA

HURD MILLWORK COMPANY, INC., HURD
WINDOWS & DOORS, INC. f/k/a MONARCH
ACQUISITION COMPANY, HURD WINDOWS
& DOORS, INC., MONARCH HOLDINGS, INC.,
and UIS, INC.,

        Defendants.

**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT
AGREEMENT PURSUANT TO RULE 23(E) AND APPOINTING CLASS
COUNSEL PURSUANT TO RULE 23(G)**

        The parties have submitted a Stipulated Settlement agreement attached to the Affidavit of Mark L. Thomsen in Support of the Joint Motion Of Plaintiff And Defendants Hurd Millwork Company, Inc., And UIS, Inc. For Preliminary Approval Of Settlement Agreement Pursuant To Rule 23(e), dated August 11, 2011, and have applied, pursuant to Federal Rule of Civil Procedure 23 for an order (1) preliminarily approving the terms and conditions set forth in the Stipulated Settlement Agreement as fair, reasonable and adequate, (2) approving forms, content and a program for notice to the Class; and (3) scheduling a hearing to consider final approval of the Stipulated Settlement Agreement.

        By Order dated April 21, 2011, this Court indicated that it would consider and rule

upon the parties' motion for approval of the class action settlement under Rule 23(e). The Court has given due consideration to the terms of the Stipulated Settlement Agreement, the Exhibits to the Stipulated Settlement Agreement, the submissions of the parties in support of preliminary approval of the Stipulated Settlement Agreement, and the record of proceedings herein, and now finds and hereby orders as follows:

1. This Court appoints Attorney Mark L. Thomsen of Cannon & Dunphy, S.C., and Attorney Patrick G. McBride of O'Neil, Cannon, Hollman, DeJong & Laing S.C., as Class Counsel.

2. The Court hereby amends, and approves, the following Class definition:

> All current owners of real property located in the states of Connecticut, Georgia, Indiana, Kansas, Kentucky, Louisiana, Maryland, Massachusetts, Missouri, Nebraska, New Jersey, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, Vermont, Virginia, West Virginia, Wisconsin and the District of Columbia, whose homes, condominiums, apartment or commercial building have inert gas-filled insulated windows or doors manufactured by Hurd Millwork Company, Inc. between January 1, 1994 and December 31, 1998 ("1994 warranty"). Excluded from the Class are all persons who, in accordance with the terms of this Agreement, properly execute and timely deliver a Request for Exclusion and Opt-Out from the Class. Also excluded from the Class are the Defendants, their parents, subsidiaries, predecessors, together with their current and former officers or directors, employees, partners, members, indemnities, agents, attorneys and their successors and assigns. Also excluded are all persons and entities who made a claim in the *McKernan v. Hurd Millwork Co.* lawsuit, Santa Clara, California Superior Court Case No. CV772488.

3. The Court finds that under the circumstances of this case the Stipulated Settlement Agreement is within the range of a fair, reasonable, and adequate settlement between the Class and the settling defendants Hurd Millwork Company, Inc., and UIS, Inc. The Court therefore preliminarily approves the Stipulated Settlement Agreement.

4. The Garden City Group is hereby approved as the claims administrator of and the notice administrator for the settlement.

5. The Court approves, as to form and content, the notice plan and finds that such notice is the best practicable under the circumstances under Federal Rule of Civil Procedure 23(c)(2)(B) and constitutes notice in a reasonable manner under Rule 23(e)(1).

6. The settling defendants Hurd Millwork Company, Inc., and UIS, Inc., are hereby directed to cause notice as set forth in the Notice Plan, to be first published or otherwise disseminated pursuant to Section 7 of the Stipulated Settlement Agreement, titled "Notice of Proposed Class Action Settlement," on or before September 19, 2011.

7. Pursuant to 28 U.S.C. § 1715(d), the defendants UIS, Inc., and Hurd Millwork Company, Inc., shall notify the Court upon expiration of 90 days after the later of the dates on which the appropriate federal official and appropriate state official are served with the notice required under 28 U.S.C. § 1715(b).

8. Any member of the Class who wishes to object to the terms of the Stipulated Settlement Agreement must do so in writing, postmarked and sent via first class mail by no later than November 23, 2011.

9. Any member of the Class who does not timely object to the Stipulated Settlement Agreement shall be bound to the terms of the Stipulated Settlement Agreement, shall be deemed to have waived any objection he, she, or it might have to the Stipulated Settlement Agreement, the plan of distribution, the attorneys' fees and costs, or the request for incentive awards and shall forever be foreclosed from challenging the fairness, adequacy or reasonableness of the Stipulated Settlement Agreement of the plan of distribution.

10. Any member of the Class who does not submit by first class mail postmarked no later than November 23, 2011, a written request to be excluded from the Class in accordance with the requirements prescribed in the Notice shall be bound by the terms of the Stipulated Settlement Agreement and by all orders and judgments of the Court affecting the Class members.

11. Not more than ten (10) days after the opt-out deadline, counsel for UIS, Inc., and Hurd Millwork Company, Inc., shall file a Notice of Class Exclusions, listing the names of all persons or entities who timely and validly excluded themselves from the Class.

12. The Court will hold a Final Fairness Hearing on December 9, 2011, at 10:30 a.m., in Courtroom 390 of the United States District Court, Eastern District of Wisconsin, United States District Courthouse, 517 East Wisconsin Avenue, Milwaukee, WI 53202, to determine the fairness, reasonableness and adequacy of the Stipulated Settlement Agreement, to determine whether the Stipulated Settlement Agreement should be approved by the Court and final judgment entered thereon, and to hear any objections to attorneys' fees and expenses or to incentive awards. Any Class member who follows the procedure set forth in the notice may appear and be heard at this hearing. The Court may adjourn, continue, and reconvene the Final Fairness Hearing without further notice to the Class, and the Court may consider and grant final approval of the Stipulated Settlement Agreement, with or without minor modification and without further notice to the Class.

13. Any member of the Class who wishes to submit a completed Claim Form must do so by first class mail, postmarked no later than February 10, 2012, or be precluded from recovery.

14. The Court shall retain continuing jurisdiction over all matters related to the Stipulated Settlement Agreement and its administration.

BY THE COURT:

Dated: September 2, 2011

s/_____
HON. LYNN ADELMAN
UNITED STATES DISTRICT JUDGE